

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

PHARMERICA EAST, LLC
d/b/a PHARMERICA

    **Plaintiff,**

v.                                  CIVIL ACTION NO. 2:19-cv-00456

HEALTHLINK OF VIRGINIA SHORES,
LLC d/b/a BEACON SHORES NURSING
& REHABILITATION CENTER,

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff PharMerica East, LLC d/b/a PharMerica's ("PharMerica") Motion for Default Judgment against Defendant Healthlink of Virginia Shores LLC d/b/a Beacon Shores Nursing & Rehabilitation Center ("Beacon Shores"), pursuant to Rule 55(b) of the Federal Rules of Civil Procedure. ECF No. 8. PharMerica filed three affidavits in support of its Motion. *Id.* A default judgment hearing was held on February 10, 2020. ECF No. 11. Representatives for Beacon Shores were not present. *Id.* At the hearing, the Court **GRANTED** PharMerica's Motion for Default Judgment against Beacon Shores. *Id.* This opinion explains the Court's findings and disposition of this motion.

### I.    FACTUAL AND PROCEDURAL HISTORY

PharMerica, a Delaware limited liability company with its principal place of business in Louisville, Kentucky, provides pharmacy goods and services to residents of long-term care and skilled nursing facilities. ECF No. 1 at ¶ 1. PharMerica's sole member is Pharmacy Corporation of America, a California corporation with its principal place of business in Louisville, Kentucky.

1

Beacon Shores is a Tennessee limited liability company whose sole member is a Tennessee domiciliary. *Id.* at ¶ 2. Beacon Shores operates a nursing home in Virginia, Beach, Virginia.[1]

PharMerica entered into a Pharmacy Services Agreement ("Agreement") with Beacon Shores to provide pharmacy goods and services to Beacon Shores' nursing home facility beginning on October 1, 2014 and continuing through September 20, 2015. *Id.* at ¶¶ 8, 16; *see also* ECF No. 8-3 at Exhibit ("Ex.") A. The Agreement provides that PharMerica is the "sole, exclusive, and preferred provider of pharmacy goods and services" to Beacon Shores during the term of the Agreement, subject only to applicable patient choice laws. ECF No. 1 at ¶ 9. In return, Beacon Shores pays PharMerica's invoices within 90 days of the invoice date. *Id.* at ¶ 10. Interest accrues on all past due amounts at an annualized rate of 10% or the highest rate permitted by applicable law. *Id.* at ¶ 11. Beacon Shores would also be required to reimburse PharMerica for all costs and expenses incurred in collecting payment including reasonable attorney fees. *Id.* at ¶ 12.

Either party could terminate the Agreement after giving a 90-day written notice before the then-current term expired. *Id.* at ¶ 17. If a party fails to provide proper termination notice, the Agreement automatically renews for a one-year period. *Id.* at ¶ 18. However, if a party is past due as of the effective date of termination, the termination is void. *Id.* at ¶ 20. The Agreement provides that in the event of a breach, Kentucky law applies. *Id.* at ¶ 13.

On or about July 1, 2019, Beacon Shores informed PharMerica that effective July 1, 2019, they no longer needed PharMerica's services. *Id.* at ¶ 23. Termination however, if properly given, would only be effective the day before the last day of the current term. *Id.* at ¶¶ 25, 29. At the time Beacon Shores stopped ordering PharMerica's pharmacy goods and services, they were past due

---

[1] For diversity jurisdiction purposes, PharMerica is a citizen of California and Defendant is a citizen of Tennessee. The amount in controversy is over $75,000 and therefore the Court has subject matter jurisdiction over the parties pursuant to 28 U.S.C. § 1332(a).

on payments owed to PharMerica. *Id.* at ¶ 24. Therefore, Beacon Shores termination notice was void. *Id.* at ¶¶ 20, 27.

Despite repeated demands from PharMerica, Beacon Shores failed to pay for the pharmacy goods and services PharMerica provided. *Id.* at ¶¶ 26, 27. As a result of Beacon Shores' failure to meet its obligations under the Agreement, PharMerica suffered lost profit damages. *Id.* at ¶ 30; ECF No. 8-3 at Ex. C. To the extent Beacon Shores does not pay the amounts due or fails to provide proper termination, PharMerica will suffer an additional term and an additional year of lost profits. ECF No. 1 at ¶ 31.

PharMerica initiated the instant suit against Beacon Shores on August 27, 2019 for breach of the Agreement. *Id.* at 6–12. Beacon Shores was personally served the Complaint on August 29, 2019. ECF No. 5. Beacon Shores however, has not served or filed any response and has not otherwise indicated any intention of defending the claims against it in the Complaint. *See* ECF No. 8. On September 24, 2019, PharMerica filed a request for entry of default. ECF No. 6. A copy was mailed to Beacon Shores. ECF No. 8 at ¶ 7. On September 25, 2019, the Clerk entered default as to Beacon Shores. *Id.* PharMerica filed a Motion for Default Judgment on October 21, 2019. ECF No. 8. In support of its Motion, PharMerica submitted three affidavits. *See* ECF Nos. 8-1, 8-2, and 8-3. On February 10, 2020, the Court held a hearing on the motion. ECF No. 11. Representatives for Beacon Shores were not present. *Id.* At the hearing, the Court granted PharMerica's Motion for Default Judgment. *Id.*

## II. LEGAL STANDARD

### A. Default Judgment

Rule 55 of the Federal Rules of Civil Procedure governs entries of default and default judgments. Pursuant to Rule 55(a), the Clerk must enter default against a party that "has failed to plead or otherwise defend" against an action. After the Clerk has entered default, a plaintiff may seek a default judgment against a defendant pursuant to Rule 55(b). A court must "exercise sound judicial discretion" when considering whether to enter default judgment, "and the moving party is not entitled to default judgment as a matter of right." *EMI Apr. Music, Inc. v. White*, 618 F. Supp. 2d 497, 505 (E.D. Va. 2009) (*citing Sentry Select Ins. Co. v. LBL Skysystems (U.S.A.) Inc.*, 486 F. Supp. 2d 496, 502 (E.D. Pa. 2007)). The United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") has expressed "a strong preference that, as a general matter, defaults be avoided and that claims, and defenses be disposed of on their merits." *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010). Default judgment may be appropriate, however, "when the adversary process has been halted because of an essentially unresponsive party." *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005).

Although a defaulting party admits the factual allegations in the complaint, a court must evaluate the sufficiency of the allegations to determine if the complaint states a cause of action. *See GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003) ("Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts as alleged state a claim."); *see also Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) ("The court must...determine whether the well-pleaded allegations in [the] complaint support the relief sought in th[e] action."); *Anderson v. Found. for Advancement, Educ. & Emp't of Am. Indians*, 155 F.3d 500, 506 (4th Cir.

1998) (holding that the district court erred in granting default judgment to plaintiff where plaintiff failed to state a valid claim).

**B. Damages**

If a court determines that the well-pleaded allegations in the complaint support relief in the form of damages, the Court must establish the damages to which Plaintiff is entitled. *See J & J Sports Prods., Inc. v. Brutt's LLC*, No. 2:14CV269, 2014 WL 7363823, at *7 (E.D. Va. Dec. 23, 2014). Allegations relating to the amount of damages are not deemed admitted by default. Fed. R. Civ. P. 8(b)(6). Thus, if the court determines that a plaintiff has established liability, the court cannot accept as true factual allegations and must therefore make an independent determination regarding damages. *J & J Sports Productions, Inc., v. Panana, LLC*, 2014 WL 5454323, at *1 (D. Md. Oct. 24, 2014). In determining the appropriate sum, the court may rely on affidavits or documentary evidence in the record. *Id.* As a general matter, relief granted upon default judgment may not exceed the amount demanded in the pleadings. *See* Fed. R. Civ. P. 54(c).

**C. Post-Judgment Interest**

After a court calculates damages, federal law mandates an award of post-judgment interest on a money judgment obtained in a civil case. *See* 28 U.S.C. § 1961; *see also Quesinberry v. Life Ins. Co. of N.A.*, 987 F.2d 1017, 1031 (4th Cir.1993). The purpose of post-judgment interest is "to compensate the successful plaintiff for being deprived of compensation for the loss from the time between the ascertainment of the damage and the payment by the defendant." *Kaiser Aluminum & Chem. Corp. v. Bonjorno*, 494 U.S. 827, 835–36 (1990) (internal quotations and citation omitted). Under 28 U.S.C. § 1961, the statutory post-judgment rate is "equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment," and should be

calculated from the date the judgment is entered. In the Fourth Circuit, post-judgment interest can be awarded on the entire amount the court awards. *See Quesinberry*, 987 F.2d at 1031 (noting that awarding post-judgment interest on the entire amount the court awards closely comports with the purpose of post-judgment interest articulated by the Supreme Court.).

### III. DISCUSSION

#### A. Default Judgment

As stated previously, although a defaulting party admits the factual allegations in the complaint, a court must evaluate the sufficiency of the allegations to determine if the complaint states a cause of action. *See GlobalSantaFe Corp.*, 250 F. Supp. 2d at 612 n.3 (E.D. Va. 2003); *Ryan*, 253 F.3d at 780; *Anderson*, 155 F.3d at 506. PharMerica claims that Defendant breached its Agreement when it failed to make payments on the invoices and wrongfully terminated the agreement.[2] ECF No. 1. In the event of a breach, the Agreement provides that Kentucky law applies. *Id.* at ¶ 13.

To prove breach of contract under Kentucky law, a plaintiff must prove three elements: (1) the existence of a contract; (2) breach of the contract; and (3) damages flowing from the breach of contract. *See Metro Louisville/Jefferson Cty. Gov't v. Abma*, 326 S.W.3d 1, 8 (Ky. Ct. App. 2009). The Court finds that there is an existing contract between PharMerica and Beacon Shores. ECF No. 8-3 at Ex. A (the "Agreement"). PharMerica's Senior Vice President and Chief Accounting Officer, Berard Tomassetti, provided the relevant parts of the Agreement in his affidavit. *Id.* PharMerica has demonstrated that even though they performed their obligations under the

---

[2] PharMerica raised the following claims in its Complaint: Breach of Contract – Failure to Pay (Count I); Breach of Contract – Wrongful Termination (Count II); Unjust Enrichment/ Constructive Trust (Count III); Promissory Estoppel (Count IV); Quantum Meruit (Count V); Account Stated (Count VI); Attorneys' Fees (Count VII). ECF No. 1 at 6–12. The Court however will determine whether PharMerica has stated a claim for breach of contract for failure to pay invoices and wrongful termination of the Agreement. If PharMerica has stated a claim for breach of contract, this is sufficient for the Court to grant PharMerica's default judgment.

Agreement, Beacon Shores breached its contract by failing to pay the balance due on its invoices and failing to provide proper termination of the Agreement. ECF No. 1 at ¶¶ 14, 23, 24; ECF No. 8-3 at ¶¶ 5– 6, 15–16, Ex. B (list of unpaid invoices due by Beacon Shores). As a result of Beacon Shores' breach, PharMerica has suffered damages of lost profits and reasonable attorneys' fees. ECF No. 8-3 at ¶¶ 19–21, Ex. C (summary of lost profits analysis); *see also* ECF Nos. 8-1, 8-2. Thus, PharMerica has sufficiently stated a valid claim for breach of contract under Kentucky law.

## B. Damages

As a result of Beacon Shores' breach of the Agreement, PharMerica has suffered the following damages: $158,746.39 for unpaid invoices, which includes a principal of $150,300.11 plus accrued interest of $8,446.28 through October 11, 2019. ECF No. 8-3 at ¶ 19, Ex. B. PharMerica has also suffered lost profits in the principal amount of $69,212. ECF No. 8; *see also* ECF No. 8-3 at Ex. C. Based on the Agreement, prejudgment interest continues to accrue in the amount of $41.19 for each day after October 11, 2019 until the entry of judgment. ECF No. 8-3 at ¶ 19, Ex. A at 6(D)(2) (providing that "interest will be charged on all outstanding amounts and calculated at an annualized rate of …10%, or the highest rate permitted by [a]pplicable [l]aw, whichever is less, from the due date until the outstanding amount and interest is paid in full").

Under the Agreement, PharMerica is also entitled to reasonable attorneys' fees, expenses and costs. *Id.*; *see also* Ex. A at ¶ 16(1). PharMerica has provided two affidavits from attorneys Jennifer Metzger Stinnett and John F. Buford. ECF Nos. 8-1, 8-2. PharMerica has also provided the Court with a copy of its invoices for attorneys' fees. ECF No. 8-1 at Ex. A; ECF No. 8-2 at Exs. A, B. The Court has thoroughly reviewed PharMerica's attorneys' fees and costs and finds that $11,942.50 in attorneys' fees and $593.69 in costs is a fair and reasonable amount of legal fees in pursuit of judgment in this case. *See* ECF No. 8. Thus, the Court finds that Beacon Shores

owes PharMerica the amounts due for unpaid invoices, lost profits, including prejudgment interests, and reasonable attorneys' fees and costs.

## C. Post-Judgment Interest

PharMerica also requests post-judgment interest. *See* ECF No. 8; *see also* 28 U.S.C. § 1961. The Court finds that PharMerica is entitled to post-judgment interest fees. The Court therefore grants post-judgment interest in the amount of **1.59%**. The calculation of the post-judgment interest fee should run from the date of judgment until paid.

## IV. CONCLUSION

For the reasons stated above, PharMerica's Motion for Default Judgment is **GRANTED**. Plaintiff is **AWARDED** $158,746.39 for unpaid invoices and accrued interest up until October 11, 2019; $69,212 in lost profits; attorneys' fees and costs for $12,536.19, plus prejudgment and post-judgment interest.

The Court **DIRECTS** the Clerk to send a copy of this Order to the parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
February , 2020

/s/
**Raymond A. Jackson**
**United States District Judge**